[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-10663
Non-Argument Calendar

_____

D.C. Docket No. 6:12-cr-00053-GAP-TBS-1

UNITED STATES OF AMERICA,

Plaintiff -Appellee,

versus

WILLIE JEROME SANDERS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 15, 2014)

Before PRYOR, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Willie Jerome Sanders appeals his conviction and sentence for illegal

possession of a firearm, in violation of 18 U.S.C. §§ 922(g), 924(a), and 924(e).

After a thorough review of the record, we affirm.

Sanders was charged with possession of a Winchester 12-gauge shotgun and ammunition. Because Sanders had several prior convictions, he faced a mandatory minimum term of fifteen years' imprisonment. At trial, Sanders stipulated that he possessed the firearm and ammunition and that he had prior convictions, but he argued that the government had to prove that his purely intrastate possession of a firearm and ammunition "substantially" affected interstate commerce rather than merely showing some "minimal nexus."

The government proffered evidence and testimony that the firearm and ammunition had been manufactured outside of Florida and recovered in the state. Sanders moved for a judgment of acquittal on the ground that this testimony was insufficient to establish a "substantial" effect on interstate commerce. The court overruled the motion, noting that the argument was foreclosed by precedent. The jury found Sanders guilty.

The presentence investigation report identified Sanders as an armed career criminal under § 924(e) and U.S.S.G. § 4B1.4(b), which subjected him to a fifteen-year mandatory minimum sentence. Without the enhancement, Sanders would have faced a sentencing range of 51 to 63 months' imprisonment and a statutory maximum of 10 years' imprisonment. *See* 18 U.S.C. § 924(a)(2). Sanders objected, arguing that the court should not enhance his sentence because his prior convictions had not been proven to a jury beyond a reasonable doubt. At an

2

evidentiary hearing, the government proffered evidence and testimony to establish the validity of the prior convictions and Sanders's identity as the perpetrator of those offenses. The district court overruled Sanders's objections and, although it agreed that the mandatory minimum sentence was arbitrary and unjust, sentenced Sanders to fifteen years' imprisonment.

Sanders now appeals, raising two arguments: First, Sanders contends that § 922(g) is unconstitutional as applied to him. Second, he argues that his sentence is invalid because the government did not prove his prior convictions to a jury beyond a reasonable doubt. We address each in turn.

I.  Section 922

Sanders argues that § 922(g) is unconstitutional because something more than a minimal interstate nexus is required under *United States v. Lopez*, 514 U.S. 549 (1995). He notes that his conduct was purely intrastate. We review the constitutionality of a statute *de novo*. *United States v. Phaknikone*, 605 F.3d 1099, 1107 (11th Cir. 2010).

Sanders's argument is squarely foreclosed by precedent. *See, e.g., United States v. Jordan*, 635 F.3d 1181, 1189 (11th Cir. 2011) (holding § 922(g) constitutional as applied because "[t]he jurisdictional requirement is satisfied when the firearm in question has a 'minimal nexus' to interstate commerce" such as travelling in interstate commerce). "We are bound by prior panel decisions unless

3

or until we overrule them while sitting *en banc*, or they are overruled by the Supreme Court." *Id.*

### II. Prior convictions

Sanders next argues that, for the court to impose an enhanced mandatory minimum sentence, the government had to prove his prior convictions to the jury beyond a reasonable doubt.   We review constitutional sentencing issues *de novo*. *United States v. Steed*, 548 F.3d 961, 978 (11th Cir. 2008).

The fact of a prior conviction is not an element of the offense that needs to be proven beyond a reasonable doubt. *Almendarez–Torres v. United States*, 523 U.S. 224, 239–40 (1998).  We have previously noted that, until the Supreme Court specifically overrules itself, we are bound by *Almendarez–Torres*.  *United States v. Greer*, 440 F.3d 1267, 1273 (11th Cir. 2006).

As Sanders concedes, the Supreme Court has not overruled *Almendarez–Torres*.  *See Alleyne v. United States*, 570 U.S. at ___ n.1, 133 S.Ct. 2151, 2160 n.1 (2013) (explaining that the Court was not reconsidering its decision in *Almendarez–Torres*).  Thus, it remains binding precedent, and the government was not required to prove Sanders's prior convictions to a jury beyond a reasonable doubt.  *See Greer*, 440 F.3d at 1273.

For the foregoing reasons, we affirm Sanders's conviction and sentence.

**AFFIRMED**.

4